## HOOVER AND HAYDEN v. HAYS.

Non assumpsit is not a good plea to an action of debt by petition and summons.

*Hayden* and *Adams*, for plaintiffs:

The only point in this case is, whether the court erred in sustaining the demurrer of the plaintiff below to the plea of the defendants?

That the plea of non assumpsit was good without an affidavit—see Burckhartt v. Watson, first Semi-annual part, Decisions of the supreme court of Mo. 72; Carroll v. Corn, 1st vol. Mo. Rep. 161; Fenton v. Williams, 3d vol. Mo. Rep. 228.

*Kirtly*, for defendant:

The only question involved is, whether assumpsit is now a good plea to a petition in debt, under the act of 1835?

By the express provision of the act, it is a proceeding in debt; the breach alleged is in debt; the petition prays for a judgment, which, in its form, can only be in debt, and the judgment is in that form accordingly. The form of the process is in debt, and the execution would necessarily follow the form of the petition and judgment.

The suit commences, proceeds, and ends essentially and emphatically in debt, and not in assumpsit. The admission, then, of the plea of non assumpsit would, as I conceive, confound all the distinctions between these two forms of action, and break down the very first principle of pleading. The first quality of a good plea in bar is, that it be adapted to the nature of the action, and be conformable to the count—see 1 Chitty's Pleadings, 508; and hence, in elucidating this principle, it is laid down, that nil debit cannot be plead in assumpsit, or non assumpsit in debt, because it is not adapted to the nature of the action. For this, see as before, and also 6 East, 549; 2 M. & S. 606.

And if such plea be put in, the plaintiff may demur, or

MAY TERM, even sign judgment, for want of a plea, or move the court
1838. to set it aside, for it is a mere nullity—2 Strange, 1022;
Bac. Abr. Pleas. I, 1. This view of the question, I think,
Hoover & Hayden stands well with, and is sustained by, the decisions made
v. by this court in relation to this statutory proceeding by
Hays. petition and summons. In the case of Fenton v. Wil-
liams—3 vol. Mo. R. 229, under the statute of 1825, this
court said the legislature had not declared what should
be the form of action of the summons. That if the thing
to be sued for was debt, the court saw no reason, as in
that case, why the writ should not be in debt. But if
the injury lay in assumpsit, then there could be no rea-
son why the writ should not be in assumpsit; for the
form of the writ should be that best adapted to the na-
ture of the complaint; and hence, in that case brought on
a bond, the writ was in debt, and held good and sufficient.

In the case of Burckhartt v. Watson, 1 Semi-annual
Rep. 72, decided also under the statute of 1825, where
this court sustained the plea of non assumpsit to a peti-
tion and summons, it appears that the plea was an an-
swer to the cause of action set out, and there was nothing
in the petition or summons that rendered it improper.
In this view of that case, it appears also the defendant in
error did not resist, and the court said it did not appear to
them on what ground he moved the court below to treat
the plea of non assumpsit as a nullity. It would seem,
however, as the case of Carroll v. Corn, 1 vol. Mo. Rep.
161, is referred to, and considered in the decisions, that
the objections raised to the plea was the want of an af-
fidavit, that it was not sworn to. Since these decisions,
and for the purpose of settling this mooted question, the
legislature has thought proper to classify this stray ac-
tion; and by the words of the statute of 1835, sec. 1, has
provided specifically, that it should be a proceeding in
debt; and so is the petition in the case at bar; so is the
summons; and also, I think, should have been the plea of
the authorities, before referred to, to be law at this day.

McGirk, Judge, delivered the opinion of the court.

Hays brought an action of debt against Hoover and
Hayden, by petition and summons, on a promissory note,
in the Boone circuit court, to the July term, 1837. The
defendants appeared and pleaded non assumpsit to the
action, and the plaintiff demurred to the plea, on the
ground that non assumpsit is not the proper plea to an
action of debt on a promissory note. The circuit court

sustained the demurrer, and gave judgment for the debt and damages. The sustaining this demurrer is the only matter alleged for error.

Messrs. Adams and Hayden, counsel for the plaintiffs in error, seem to suppose that the ground on which the court below decided was, that the plea of non assumpsit was a bad plea without affidavit. But that was not the ground on which the case turned in the circuit court.

Mr. Kirtly, of counsel for Hays, puts the matter on the ground, whether non assumpsit can be pleaded to an action of debt on a promissory note? This court have no difficulty in deciding this case, according to the common law. The plea must be suited to the nature of the action; in all actions of debt on promissory notes, the plea or general issue is nil debit; in actions of assumpsit, non assumpsit is the proper plea. But it seems, the counsel for the defendants in the court below have been under the impression that, as this was a petition and summons, any plea might be pleaded which would be a proper answer to the nature of the demand, and they seem to rely, to give countenance to that doctrine, on the case of Fenton v. Williams, 3 Mo. R. 229. The counsel for the other party relies also on that case. In that case, the court decided that, as the petition and summons law did not give name to the action, there could be no reason why the suit should not be in debt, if the injury lay in debt; and so of assumpsit, if the injury lay in assumpsit. But the last act in the late Revised Code, declares positively that the action shall be debt in all cases. I think it therefore follows that the general issue must be nil debit, or non est factum, as the case may requre, and that no other general issue can be pleaded. It has long ago been decided that, under our statute, forbidding a party to deny the execution of an in instrument sued on, he may plead non est factum, non assumpsit, or nil debit, according to the nature of the action, without affidavit; and that the fact, whether or not the affidavit be there, is the test whether or not the plaintiff must prove the manual execution of the writing. In the case before us, the action, as it should be by the act of 1835, was debt. The plea was non assumpsit; and on demurrer, the plea was adjudged bad, and rightly so adjudged, not because there was no affidavit, but because the plea did not suit the nature of the action. I am of opinion the judgment of the Boone circuit court ought to be affirmed; and the other judges concurring herein, it is affirmed.